to his duties as an attorney for several days thereafter, said Lockwood, from his connection with the litigation, must have been familiar with the facts relating to the issues to be tried. If, for any reason, the defendant and his counsel were unwilling to proceed with the trial without Dornburgh, they had sufficient time to procure affidavits showing that Dornburgh was too ill to be present on the second day of the court, and also of any other facts showing or tending to show that the trial of the action should be postponed. On the evening of May 16th one of the plaintiff's attorneys talked with said Lockwood by telephone, and asked him if he was not the defendant's attorney, and, on his replying that he was, said, "I want to notify you that your case is set down for trial to-morrow morning, and that you had better be there to see to it," to which Lockwood replied, "All right."

This motion is made on behalf of the defendant. It is to relieve the defendant, and not Dornburgh, that the favor is asked. The defendant, although unable to have Dornburgh at the trial, was not left unprotected by reason of his absence. He had all his witnesses in court, and he should, with Lockwood or other counsel, have proceeded in the trial of the action on the merits, or he should have made an application to the court to postpone the trial; but, instead of doing so, he deliberately abandoned the case and ignored the court, and, after going to see Dornburgh, departed from the county. The judgment obtained in his absence seems to have been the natural result of his intentional disregard of the case and the court. For such abandonment of the case and disregard of the court the defendant does not now offer any real excuse. The justice who presided at the Trial Term held the Special Term at which the order appealed from was made. He had personal knowledge of what occurred before him, and he has exercised his discretion in denying the motion, and with such discretion we should not interfere in this case.

The order should be affirmed, with $10 costs and disbursements. All concur.

---

## RISSER v. LIBERMAN BROS.

(Supreme Court, Appellate Division, Second Department. March 3, 1905.)

MALICIOUS PROSECUTION—ACTION—COMPLAINT—SUFFICIENCY—DEMURRER.

Inasmuch as, under Code, § 1730, a defendant in replevin may obtain a return of the goods, and recover damages for the wrongful taking, a complaint alleging that defendant wrongfully and maliciously, and in order to injure plaintiff, replevied certain property from her, was demurrable, in the absence of allegations showing either the termination of the replevin suit, or any fact showing that plaintiff was deprived of her right to assert her defense in that suit.

Action by Clara Risser against Liberman Bros. Demurrer to complaint sustained.

The following is the opinion of the lower court:

The complaint alleges that the defendant, a domestic corporation, sold to the plaintiff, a milliner, certain merchandise on four months' credit; that

within two months of the sale, before the term of credit had expired, the defendant demanded payment, threatening, in case payment was refused, to begin replevin proceedings; that, before the credit period had expired, the defendant caused an alleged pretended assignment of the account to be made to one Neumark, who thereupon, by the direction of the defendant, maliciously and without legal authority, began an action in this court, in New York county, to recover the merchandise sold. It alleged that Neumark, the plaintiff in the replevin suit, by the procurement of the defendant here, gave an undertaking, and maliciously replevied the merchandise; that the goods were taken by the sheriff, and, as the plaintiff is informed, were delivered to the defendant here. It is charged that the action to recover the property and the requisition issued by the sheriff "were unlawful, and maliciously begun and issued" by the defendant; that the assignment of the alleged cause of action was made without warrant of law and maliciously, without the existence of a cause of action, and for no purpose than to carry into effect the defendant's threat, and to ruin and injure the plaintiff, and was so used by Neumark, the assignee, for the benefit of the defendant. The plaintiff alleges that the property taken from her is worth $128.04; that, by reason of unlawful issuance of the requisition, the taking of the goods, the assignment, and the institution of the action, the plaintiff's business was ruined, and she was compelled to cancel orders, and suffer a financial loss and injury to her trade and social status, in all to her damage $2,500, for which she demands judgment.

The defendant demurs on the ground that the complaint does not state facts sufficient to constitute a cause of action. The defendant insists that, in the absence of some allegation that the litigation instituted by Neumark has terminated, this action is not maintainable for malicious prosecution, and that it cannot be maintained as an abuse of process, because it is not charged that any proceedings were taken under the writ of replevin which were not authorized by the Code. I think the defendant's contention is good. The Code provides a method by which the plaintiff here might test Neumark's right to replevin the property in question. In that action she may obtain a return of the goods, and recover damages for the wrongful taking. Code, § 1730. That action, for aught that appears on the face of this complaint, is still undetermined, or the court may have there tried the question of title, and determined the same adversely to the plaintiff here. Such a determination would appear to be a defense in this action. Dishard v. Wadleigh, 15 App. Div. 219, 44 N. Y. Supp. 207; Foy v. Barry, 87 App. Div. 219, 84 N. Y. Supp. 335. In cases where wrong is committed in executing legal process, allegations that the proceedings have terminated may be unnecessary to maintain an action to recover damages for abuse of process; but where, as in this case, it is charged that the wrong consisted in beginning the action, I think it is necessary to show its termination, or allege some fact showing that the party aggrieved was in some way deprived of her right to assert her defense to that action.

The demurrer is sustained, with leave to plaintiff to amend on payment of costs.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, HOOKER, RICH, and MILLER, JJ.

Blumenstiel & Blumenstiel, for defendant.

PER CURIAM. Interlocutory judgment affirmed, with costs, upon the opinion of Kelly, J., at Special Term.

HOOKER, J., not voting.